UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL E. WARD, | No. 2:22-cv-1771 DB |
| Plaintiff, | |
| v. | ORDER |
| MARTIN O'MALLEY, Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff argues that the ALJ's treatment of the medical opinion evidence constituted error. For

////

////

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. See https://blog.ssa.gov/martin-j-omalley-sworn-in-as-commissioner-of-social-security-administration/ (last visited by the court on February 21, 2024). Accordingly, Martin O'Malley is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 9.)

1

the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

**PROCEDURAL BACKGROUND**

On February 20, 2020, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on January 1, 2009. (Transcript ("Tr.") at 25, 396.) Plaintiff's alleged impairments included depression, anxiety, Fibromyalgia, IBS, insomnia, migraines, PTSD, Panic Disorder, wrist tendinitis, and auditory processing disorder. (Id. at 420.) Plaintiff's application was denied initially, (id. at 249-53), and upon reconsideration. (Id. at 258-62.)

Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 1, 2021. (Id. at 206-22.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 206-10.) In a decision issued on December 30, 2021, the ALJ found that plaintiff was not disabled. (Id. at 38.) The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since February 20, 2020, the application date (20 CFR 416.971 *et seq*.).
>
> 2. The claimant has the following severe impairments: depressive disorder NOS, anxiety disorder NOS and autism spectrum disorder (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to simple, routine and repetitive tasks and low stress work, defined as occasional required decision making and occasional work setting changes. He can have no more than occasional face to face public interaction and cannot perform tandem, shared or joint tasks with coworkers.

////

////

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born [in] 1993 and was 26 years old, which is defined as younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education (20 CFR 416.964).

8. Transferability of job skills is no an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant number in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

10. The claimant has not been under a disability, as defined in the Social Security Act, since December 8, 2016, the date the application was filed (20 CFR 416.920(g)).

(Id. at 27-37.)

On August 29, 2022, the Appeals Council denied plaintiff's request for review of the ALJ's December 30, 2021 decision. (Id. at 1-5.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on October 6, 2022.  (ECF No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

////

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff's pending motion asserts that the ALJ's treatment of the medical opinion evidence constituted error. (Pl.'s MSJ (ECF No. 13) at 5-9.) For claims filed prior to March of 2017, Ninth Circuit precedent established a hierarchy for medical opinions based on the physician's relationship to the plaintiff. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) ("Cases in this circuit distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)."). In 1991, the Commissioner promulgated regulations consistent with the Ninth Circuit's hierarchy. See 56 Fed. Reg. 36932-01, 1991 WL 142361 (Aug. 1, 1991).

On March 27, 2017, however, revised Social Security Administration regulations went into effect regarding the evaluation of medical opinions. Pursuant to those regulations, "the Commissioner 'will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion.'" V.W. v. Comm'r of Soc. Sec., No. 18-cv-07297-JCS, 2020 WL 1505716, at *13 (N.D. Cal. Mar. 30, 2020) (quoting 20 C.F.R. § 416.920c(a)); see also 20 C.F.R. § 404.1520c(a). In place of specific evidentiary weight, the Commissioner will "evaluate the persuasiveness of medical opinions" based on (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(a), (c)(1)-(5), § 416.920c(a), (c)(1)-(5).

While the ALJ will consider all of the above factors, "the ALJ must explain how he considered the two 'most important factors'—supportability and consistency." Crystal R. E. v. Kijakazi, Case No. 20-cv-0319 SH, 2022 WL 446023, at *6 (N.D. Okla. Feb. 14, 2022) (quoting 20 C.F.R. § 404.1520c(b)(2)). Supportability concerns how "relevant the objective medical evidence and supporting explanations presented by a medical source are[.]" 20 C.F.R. § 404.1520c(c)(1). The more relevant evidence and support presented "the more persuasive the medical opinion[] . . . will be." (Id.) With respect to consistency, "[t]he more consistent a medical opinion[] . . . is with the evidence from other medical sources and nonmedical sources . . . . the more persuasive the medical opinion . . . will be." (Id.)

In this regard, the new regulations "still require that the ALJ provide a coherent explanation of [her] reasoning," and establish "a minimum level of articulation to be provided in determinations and decisions, in order to provide sufficient rationale for a reviewing adjudicator or court." Hardy v. Commissioner of Social Security, 554 F.Supp.3d 900, 906 (E.D. Mich. 2021). Thus,

> [e]ven under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate . . . how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. §

5

404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, id § 404.1520c(b)(2).

Woods v. Kijakazi, 32 F.4th 785, 792 (9th Cir. 2022); see also Heredia v. Kijakazi, No. 22-16653, 2023 WL 8449242, at *1 (9th Cir. 2023) ("When rejecting a medical source's opinion, the ALJ must provide an explanation supported by substantial evidence.").

Here, on July 17, 2020, Paul Martin, Ph. D. completed a Complete Mental Evaluation of the plaintiff. (Tr. at 629-32.) Dr. Martin's evaluation was based on a review of plaintiff's medical records, a complete psychological evaluation, and a mental status exam. (Id. at 629.) Pursuant to that examination Dr. Martin opined that plaintiff would be moderately limited in several areas of functioning, including "in responding to changes and normal work-related stressors, performing work activities on a consistent basis and completing a normal workday and workweek." (Id. at 36.)

The ALJ repeatedly stated that Dr. Martin's opinion was "partially persuasive." (Id. at 36.) In support of this determination the ALJ referenced evidence that "supported" Dr. Martin's opinion and evidence that was "only partially consistent with the other objective evidence in the record." (Id.) The ALJ, however, did not explain, or even state, which of Dr. Martin's opined limitations were only partially persuasive. From the ALJ's vague analysis, it is entirely unclear which aspects of Dr. Martin's opinion the ALJ found persuasive and which aspects the ALJ rejected.

An ALJ must provide "an 'adequate discussion'" of the ALJ's persuasiveness explanation, which "enables the court to undertake a meaningful review of whether his finding with regard to the particular medical opinion was supported by substantial evidence . . . . and does not require the Court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof." Cooley v. Commissioner of Social Security, 587 F.Supp.3d 489, 499 (S.D. Miss. 2021).

> The regulations are clear and imperative in defining the mode of analysis. All medical sources are to be considered, and a rationale articulating how the ALJ applied the factors specified in the regulations must be stated for each source. . . . The administrative adjudicator has the obligation in the first instance to show his or her work, i.e., to explain in detail how the factors actually were applied in each case, to each medical source.

6

1 Hardy, 554 F.Supp.3d at 909; see also Loucks v. Kijakazi, 21-1749, 2022 WL 2189293, at *2
2 (2nd Cir. 2022) ("the ALJ committed procedural error by failing to explain how it considered the
3 supportability and consistency of medical opinions in the record"); Dogan v. Kijakazi, Civil
4 Action No. 6:21-3291 RMG, 2022 WL 4092461, at *4 (D. S.C. Sept. 7, 2022) ("where . . . there
5 is significant record evidence supporting Plaintiff's claim of disability and the regulation requires
6 the ALJ to consider all of the factors under 404.1520c(c), the Court cannot confirm that this was
7 actually done without the ALJ confirming he considered all five factors set forth in § 404.1520c
8 and explaining how he weighed those factors").

9   Moreover, the ALJ's error was not harmless. In this regard, the ALJ neither explained
10 which of Dr. Martin's opined limitations were rejected nor accounted for all of Dr. Martin's
11 limitations in making the residual functional capacity determination ("RFC"). A claimant's RFC
12 is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a);
13 20 C.F.R. § 416.945(1); see also Cooper v. Sullivan, 880 F.2d 1152, n.5 (9th Cir. 1989) ("A
14 claimant's residual functional capacity is what he can still do despite his physical, mental,
15 nonexertional, and other limitations."). In conducting an RFC assessment, the ALJ must consider
16 the combined effects of an applicant's medically determinable impairments on the applicant's
17 ability to perform sustainable work. 42 U.S.C. § 423(d)(2)(B); Macri v. Chater, 93 F.3d 540, 545
18 (9th Cir. 1996).

19   The ALJ must consider all of the relevant medical opinions as well as the combined
20 effects of all of the plaintiff's impairments, even those that are not "severe." 20 C.F.R. §§
21 404.1545(a); 416.945(a); Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003). "[A]n RFC that
22 fails to take into account a claimant's limitations is defective." Valentine v. Commissioner Social
23 Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009). The ALJ must determine a claimant's
24 limitations on the basis of "all relevant evidence in the record." Robbins v. Soc. Sec. Admin.,
25 466 F.3d 880, 883 (9th Cir. 2006).

26   Here, the ALJ's RFC determination did not account for all of Dr. Martin's opined
27 moderate limitations. (Tr. at 29.) And the ALJ offered no reason for failing to credit Dr.
28 Martin's opined limitations. As such, the ALJ committed harmful error. See Bagby v.

7

Commissioner of Social Sec., 606 Fed. Appx. 888, 890 (9th Cir. 2015) ("The ALJ's RFC assessment limited Bagby to 'simple, repetitive tasks,' no contact with the public, and 'occasional interaction with coworkers.'  It did not reflect Dr. Stuckey's finding that Bagby was limited in her ability to '[r]espond appropriately to usual work situations and to changes in a routine work setting.'  This is distinct from Bagby's limited ability to interact with others, to understand, remember, and follow 'complex instructions,' and to 'make judgments on complex work-related decisions.'"); Betts v. Colvin, 531 Fed. Appx. 799, 800 (9th Cir. 2013) ("The ALJ provided no reasons for disregarding aspects of Dr. Van Eerd's opinion, so we must reverse."); Wascovich v. Saul, No. 2:18-cv-659 EFB, 2019 WL 4572084, at *5 (E.D. Cal. Sept. 19, 2019) ("The term 'moderate' should be interpreted to carry, in the context of disability, some semantic weight . . . . Nothing in the current RFC accounts for limitations in attendance, however."); Melton v. Astrue, No. 09-CV-1000 BR, 2010 WL 3853195, at *8 (D. Or. Sept. 28, 2010) ("the Court concludes the ALJ erred in her assessment of Plaintiff's RFC because she did not include Plaintiff's mild-to-moderate limitations in maintaining concentration, persistence, or pace.").

Nor did the ALJ include all of Dr. Martin's opined limitations in the ALJ's question to the Vocational Expert.  (Tr. at 219-21.)  At step five of the sequential evaluation, "the Commissioner has the burden 'to identify specific jobs existing in substantial numbers in the national economy that a claimant can perform despite his identified limitations.'"  Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (quoting Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995)) (alterations omitted).  The ALJ can meet her burden by either taking the testimony of a Vocational Expert ("VE") or by referring to the grids.  See Lounsburry v. Barnhart, 468 F.3d 1111, 1114-15 (9th Cir. 2006).  Here, the ALJ relied on the testimony of a VE.  (Tr. at 38.)

While an ALJ may pose a range of hypothetical questions to a vocational expert ("VE") based on alternate interpretations of the evidence, the hypothetical question that ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical question that is predicated on the ALJ's final residual functional capacity assessment, must account for all of the limitations and restrictions of the particular claimant.  Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).  "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then

1 the expert's testimony has no evidentiary value to support a finding that the claimant can perform
2 jobs in the national economy." Id. (citation and quotation marks omitted); see also Taylor v.
3 Commissioner of Social Sec. Admin., 659 F.3d 1228, 1235 (9th Cir. 2011) ("Because neither the
4 hypothetical nor the answer properly set forth all of Taylor's impairments, the vocational expert's
5 testimony cannot constitute substantial evidence to support the ALJ's findings.").

6 Accordingly, plaintiff is entitled to summary judgment on the claim that the ALJ's
7 treatment of Dr. Martin's opinion was erroneous.

## CONCLUSION

9 After having found error, "'[t]he decision whether to remand a case for additional
10 evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo, 871 F.3d
11 at 682 (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be
12 remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

17 Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

18 Even where all the conditions for the "credit-as-true" rule are met, the court retains
19 "flexibility to remand for further proceedings when the record as a whole creates serious doubt as
20 to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at
21 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court
22 concludes that further administrative proceedings would serve no useful purpose, it may not
23 remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin.,
24 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is
25 uncertain and ambiguous, the proper approach is to remand the case to the agency.").

26 Here, based on the singular error identified by plaintiff, the court cannot say that further
27 administrative proceedings would serve no useful purpose. This case, therefore, will be
28 remanded for further proceedings.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is granted;
2. Defendant's cross-motion for summary judgment (ECF No. 17) is denied;
3. The Commissioner's decision is reversed;
4. This matter is remanded for further proceedings consistent with the order; and
5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated:  March 1, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\ward1771.ord